UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
ROSA ELBA de PAULINO and CEFRINO PAULINO,
as Parents and Natural Guardians of R.P., and ROSA ELBA
de PAULINO and CEFRINO PAULINO, Individually;

MARILYN BECKFORD, as Parent and Natural Guardian
of M.B., and MARILYN BECKFORD, Individually;

LYNN B. CHAPERON, as Parent and Natural Guardian
of A.C., and LYNN B. CHAPERON, Individually;

NEYSHA CRUZ, as Parent and Natural Guardian
of O.F., and NEYSHA CRUZ, Individually;

DOROTHY NESKE and CHRISTOPHER NESKE,
as Parents and Natural Guardians of A.N., and
DOROTHY NESKE and CHRISTOPHER NESKE,
Individually;

MARINA PEREZ (BURGOS PARRA), as Parent and
Natural Guardian of C.P.,
and MARINA PEREZ (BURGOS PARRA), Individually;

MARIA HIDALGO and ABUNDIO SANCHEZ, as Parents
and Natural Guardians of L.S., and MARIA HIDALGO
and ABUNDIO SANCHEZ, Individually;

KELLY TOBUCK, as Parent and Natural Guardian of
K.T., and KELLY TOBUCK, Individually;

CAROLYN MASON, as Parent and Natural Guardian of A.D.,
and CAROLYN MASON, Individually;

MARIA NAVARRO-CARILLO and JOSE GARZON,
as Parents and Natural Guardians of M.G., and MARIA
NAVARRO-CARILLO and JOSE GARZON, Individually;

ANDREA PHILLIPS and PAUL HINTON, as Parents and
Natural Guardians of S.H., and ANDREA PHILLIPS and
PAUL HINTON, Individually;

ROSA ZAYAS and EDWIN ZAYAS, as Parents and
Natural Guardians of R.Z., and ROSA ZAYAS and
EDWIN ZAYAS, Individually;

      Plaintiffs,

 -against-

The NEW YORK CITY DEPARTMENT OF EDUCATION,

and DAVID C. BANKS, in his official capacity as
Chancellor of the New York City Department of Education,

      Defendants.
-----------------------------------------------------------------------------X

**COMPLAINT**

22-cv- 01865

PLAINTIFFS, as Parents and Natural Guardians of the above-captioned minors, and individually, as and for their Complaint, allege as follows:

## JURISDICTION AND VENUE

1. The instant case arises under a federal statute, the Individuals with Disabilities Education Act ("IDEA") (20 U.S.C. § 1400 et seq.) and the regulations of the United States Department of Education, which were promulgated under authority granted by statute (34 C.F.R. Part 300).

2. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §1331, in that the claims herein arise under federal law (IDEA), 28 U.S.C. §1343(a), in that the claims herein arise under laws providing for the protection of civil rights, and under 42 U.S.C. §1983.

3. To the extent, if any, that this case involves questions of special education rights under New York State law, this Court has supplemental jurisdiction under 28 U.S.C. §1367.

4. According to 28 U.S.C. §1391(b), the venue is properly placed within the Southern District of New York in that defendant New York City Department of Education ("DOE") maintains a business office in New York County.

5. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. §1988(b) and 20 U.S.C. §1415(i) if determined to be prevailing parties.

## FACTUAL ALLEGATIONS

6. Plaintiffs bring this enforcement action on their own and behalf of their respective children due to the DOE's failure to fund the pendency placements for the Students herein for the 2021-2022 extended school year (SY).

### ROSA ELBA de PAULINO and CEFERINO PAULINO, as Parents and Natural Guardians of R.P.

7. ROSA ELBA de PAULINO and CEFRINO PAULINO are the Parents and Natural Guardians of R.P.

8. R.P. is a boy who has an acquired brain injury or brain-based disorder. This condition has left him with a severe disability.

9. R.P. was ten (10) years old at the start of the 2021-2022 extended school year.

10. R.P. is a minor.

11. R.P. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

12. R.P. is entitled to receive a FAPE and related services from DOE.

13. At all relevant times herein, Plaintiffs ROSA ELBA de PAULINO and CEFRINO PAULINO, and R.P. resided in the City of New York.

14. Since R.P. is a student with a disability, Defendant DOE is obligated to provide him with a Free Appropriate Public Education ("FAPE") under the IDEA and the New York Education Law.  Accordingly, DOE must provide R.P. with an IEP for every school year.

15. On July 7, 2021, the Parents initiated a due process complaint in Case No. 210869 to seek funding for R.P.'s placement at iBRAIN, including special transportation services, for the 2021-2022 School Year ("SY"), at which time the Parents should have had funding through pendency as a matter of law.

16. On August 13, 2021, Impartial Hearing Officer Israel Wahrman ("IHO Wahrman") issued an Order on Pendency ("Paulino OP"). See **Exhibit 1**, IHO Wahrman's FOFD (IHO No. 210869).

17. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for R.P.'s pendency placement at iBRAIN for the 2021-2022 SY.

**MARILYN BECKFORD, Parent and Natural Guardian of M.B.**

18. MARILYN BECKFORD is the Parent and Natural Guardian of M.B.

19. M.B. is a boy who has an acquired brain injury or brain-based disorder. This condition has left him with a severe disability.

20. M.B. was eleven (11) years old at the start of the 2021-2022 extended school year.

21. M.B. is a minor.

22. M.B. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

23. M.B. is entitled to receive a FAPE and related services from DOE.

24. At all relevant times herein, Plaintiffs MARILYN BECKFORD and M.B. resided in the City of New York.

25. Since M.B. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide M.B. with an IEP for every school year.

26. On July 7, 2021, the Parents initiated a due process complaint in Case No. 210883 to seek funding for M.B.'s placement at iBRAIN, including nursing and special transportation services, for the 2021-2022 SY, at which time the Parents should have had funding through pendency as a matter of law.

27. On October 12, 2021, Impartial Hearing Officer Sebastian Weiss ("IHO Weiss") issued an Order on Pendency ("Beckford OP"). See **EXHIBIT 2,** IHO Weiss' FOFD (IHO No. 210883).

28. To date, DOE has failed and refused to fund tuition and related services, including nursing and special transportation, for M.B.'s pendency placement at iBRAIN for the 2021-2022 SY.

### LYNN B. CHAPERON, Parent and Natural Guardian of A.C.

29. LYNN B. CHAPERON is the Parent and Natural Guardian of A.C.

30. A.C. is a boy with an acquired brain injury or brain-based disorder. This condition has left him with a severe disability.

31. A.C. was ten (10) years old at the start of the 2021-2022 extended school year.

32. A.C. is a minor.

33. A.C. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

34. A.C. is entitled to receive a FAPE and related services from DOE.

35. At all relevant times herein, Plaintiffs LYNN B. CHAPERON, and A.C. resided in the City of New York.

36. Since A.C. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide A.C. with an IEP for every school year.

37. On July 8, 2021, the Parents initiated a due process complaint in Case No. 210926 to seek funding for A.C.'s placement at iBRAIN, including nursing and special transportation services, for the 2021-2022 SY, at which time the Parents should have had funding through pendency as a matter of law.

38. On September 12, 2021, Impartial Hearing Officer John Farago ("IHO Farago") issued an Order on Pendency ("Chaperon OP") See **EXHIBIT 3,** IHO Farago's FOFD (IHO No. 210926).

39. To date, DOE has failed and refused to fund tuition and related services, including nursing and special transportation, for A.C.'s pendency placement at iBRAIN for the 2021-2022 SY.

### NEYSHA CRUZ, Parent and Natural Guardian of O.F.

40. NEYSHA CRUZ is the Parent of O.F.

41. O.F. is a young man with an acquired brain injury or brain-based disorder. This condition has left him with a severe disability.

42. O.F. was eighteen (18) years old at the start of the 2021-2022 extended school year.

43. O.F. is a minor.

44. O.F. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

45. O.F. is entitled to receive a FAPE and related services from DOE.

46. At all relevant times herein, Plaintiffs NEYSHA CRUZ and O.F. resided in the City of New York.

47. Since O.F. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide O.F. with an IEP for every school year.

48. On July 6, 2021, the Parents initiated a due process complaint in Case No. 210826 to seek funding for O.F.'s placement at iBRAIN, including nursing and special transportation services, for the 2021-2022 SY, at which time the Parents should have had funding through pendency as a matter of law.

49. On August 20, 2021 Impartial Hearing Officer Mitchell Regenbogen ("IHO Regenbogen") issued an Order on Pendency ("Felix OP") See **EXHIBIT 4,** IHO Regenbogen FOFD (IHO No. 210826).

50. To date, DOE has failed and refused to fund tuition and related services, including nursing and special transportation, for O.F.'s pendency placement at iBRAIN for the 2021-2022 SY.

### DOROTHY NESKE and CHRISTOPHER NESKE, Parents and Natural Guardians of A.N.

51. DOROTHY NESKE and CHRISTOPHER NESKE, are the Parents and Natural Guardians of A.N.

52. A.N. is a boy with an acquired brain injury or brain-based disorder. This condition has left him with a severe disability.

53. A.N. was eleven (11) years old at the start of the 2021-2022 extended school year.

54. A.N. is a minor.

55. A.N. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

56. A.N. is entitled to receive a FAPE and related services from DOE.

57. At all relevant times herein, Plaintiffs DOROTHY NESKE, CHRISTOPHER NESKE, and A.N. resided in the City of New York.

58. Since A.N. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE according to the IDEA and the New York Education Law. Accordingly, DOE must provide A.N. with an IEP for every school year.

59. On July 7, 2021, the Parents initiated a due process complaint in Case No. 210880 to seek funding for A.N.'s placement at iBRAIN, including special transportation services, for the 2021-2022 SY, at which time the Parents should have had funding through pendency as a matter of law.

60. On August 18, 2021, Impartial Hearing Officer Sharyn Finkelstein ("IHO Finkelstein") issued an Order on Pendency ("Neske OP") See **EXHIBIT 5,** IHO Finkelstein's FOFD (IHO No. 210880).

61. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for A.N.'s pendency placement at iBRAIN for the 2021-2022 SY.

### MARINA PEREZ (BURGOS PARRA), Parent and Natural Guardian of C.P.

62. MARINA PEREZ (BURGOS PARRA), is the Parent and Natural Guardian of C.P.

63. C.P. is a young man with an acquired brain injury or brain-based disorder. This condition has left him with a severe disability.

64. C.P. was nineteen (19) years old at the start of the 2021-2022 extended school year.

65. C.P. is a minor.

66. C.P. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

67. C.P. is entitled to receive a FAPE and related services from DOE.

68. At all relevant times herein, Plaintiffs MARINA PEREZ (BURGOS PARRA) and C.P. resided in the City of New York.

69. Since C.P. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE according to the IDEA and the New York Education Law. Accordingly, DOE must provide A.N. with an IEP for every school year.

70. On July 6, 2021, the Parents initiated a due process complaint in Case No. 209151 to seek funding for C.P.'s placement at iBRAIN, including special transportation services, for the 2021-2022 SY, at which time the Parents should have had funding through pendency as a matter of law.

71. On August 23, 2021, Impartial Hearing Officer Keila Tennent ("IHO Tennent") issued an Order on Pendency ("Perez OP") See **EXHIBIT 6,** IHO Tennet's FOFD (IHO No. 209151).

72. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for C.P.'s pendency placement at iBRAIN for the 2021-2022 SY.

## MARIA HIDALGO and ABUNDIO SANCHEZ, Parents and Natural Guardians of L.S.

73. MARIA HIDALGO and ABUNDIO SANCHEZ, are the Parents of L.S.

74. L.S. is a girl with an acquired brain injury or brain-based disorder. This condition has left her with a severe disability.

75. L.S. was twelve (12) years old at the start of the 2021-2022 extended school year.

76. L.S. is a minor.

77. L.S. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

78. L.S. is entitled to receive a FAPE and related services from DOE.

79. Plaintiffs MARIA HIDALGO and ABUNDIO SANCHEZ are the Parents and Natural Guardians of L.S.

80. At all relevant times herein, Plaintiffs MARIA HIDALGO, ABUNDIO SANCHEZ, and L.S. resided in the City of New York.

81. Since L.S. is a student with a disability, Defendant DOE is obligated to provide her with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide L.S. with an IEP for every school year.

82. On July 7, 2021, the Parents initiated a due process complaint in Case No. 210888 to seek funding for L.S.'s placement at iBRAIN, including nursing and special transportation services, for the 2021-2022 SY, at which time the Parents should have had funding through pendency as a matter of law.

83. On August 16, 2021, Impartial Hearing Officer Lynn Almeleh ("IHO Almeleh") issued an Order on Pendency ("Hidalgo OP") See **EXHIBIT 7,** IHO Almeleh's FOFD (IHO No. 210888).

84. To date, DOE has failed and refused to fund tuition and related services, including nursing and special transportation, for L.S.'s pendency placement at iBRAIN for the 2021-2022 SY.

## KELLY TOBUCK, Parent and Natural Guardian of K.T.

85. KELLY TOBUCK is the Parent and Natural Guardian of K.T.

86. K.T. is a young man with an acquired brain injury or brain-based disorder. This condition has left him with a severe disability.

87. K.T. was twenty (20) years old at the start of the 2021-2022 extended school year.

88. K.T. is a minor.

89. K.T. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

90. K.T. is entitled to receive a FAPE and related services from DOE.

91. At all relevant times herein, Plaintiffs KELLY TOBUCK and K.T. resided in the City of New York.

92. Since K.T. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide K.T. with an IEP for every school year.

93. On July 9, 2021, the Parents initiated a due process complaint in Case No. 210993 to seek funding for K.T.'s placement at iBRAIN, including special transportation services, for the 2021-2022 SY, at which time the Parents should have had funding through pendency as a matter of law.

94. On August 24, 2021, Impartial Hearing Officer James Polk ("IHO Polk") issued an Order on Pendency ("Tobuck OP") See **EXHIBIT 8**, IHO Polk's FOFD (IHO No. 210993).

95. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for K.T.'s pendency placement at iBRAIN for the 2021-2022 SY.

### CAROLYN MASON, as the Parent and Natural Guardian of A.D.

96. CAROLYN MASON is the Parent and Natural Guardian of A.D.

97. A.D. is a boy with an acquired brain injury or brain-based disorder. This condition has left him with a severe disability.

98. A.D. was twelve (12) years old at the start of the 2021-2022 extended school year.

99. A.D. is a minor.

100. A.D. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

101. A.D. is entitled to receive a FAPE and related services from DOE.

102. At all relevant times herein, Plaintiffs CAROLYN MASON and A.D. resided in the City of New York.

103. Since A.D. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide A.D. with an IEP for every school year.

104. On July 9, 2021, the Parents initiated a due process complaint in Case No. 210742 to seek funding for A.D.'s placement at iBRAIN, including special transportation services, for the 2021-2022 SY, at which time the Parents should have had funding through pendency as a matter of law.

105. On August 24, 2021, Impartial Hearing Officer John Farago ("IHO Farago") issued an Order on Pendency ("Dixon OP") See **EXHIBIT 9,** IHO Farago's FOFD (IHO No. 210742).

106. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for A.D.'s pendency placement at iBRAIN for the 2021-2022 SY.

## MARIA NAVARRO-CARILLO and JOSE GARZON, Parents and Natural Guardians of M.G.

107. MARIA NAVARRO-CARILLO and JOSE GARZON, are the Parents and Natural Guardians of M.G.

108. M.G. is a young woman who has an acquired brain injury or brain-based disorder. This condition has left her with a serious disability.

109. M.G. was thirteen (13) years old at the start of the 2021-2022 extended school year.

110. M.G. is a minor.

111. M.G. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

112. M.G. is entitled to receive a FAPE and related services from DOE.

113. At all relevant times herein, Plaintiffs MARIA NAVARRO-CARILLO, JOSE GARZON, and M.G. resided in the City of New York.

114. Since M.G. is a student with a disability, Defendant DOE is obligated to provide her with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide M.G. with an IEP for every school year.

115. On July 6, 2021, the Parent initiated a due process complaint in Case No. 210633 to seek funding for M.G.'s placement at iBRAIN, including special transportation services, for the 2021-2022 SY, at which time the Parent should have had funding through pendency as a matter of law.

116. Based upon the Findings of Fact and Decision ("FOFD") in IHO Case # 185252 ("Navarro-Carillo FOFD") established iBRAIN as the basis for pendency for the 2021-2022 SY. See **EXHIBIT 10**, FOFD (IHO No. 185252).

117. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for M.G.'s pendency placement at iBRAIN for the 2021-2022 SY.

### ANDREA PHILLIPS and PAUL HINTON, Parents and Natural Guardians of S.H.

118. ANDREA PHILLIPS and PAUL HINTON are the Parents and Natural Guardians of S.H.

119. S.H. is a young man who has an acquired brain injury or brain-based disorder. This condition has left him with a serious disability.

120. S.H. was twenty (20) years old at the start of the 2021-2022 extended school year.

121. S.H. is a minor.

122. S.H. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

123. S.H. is entitled to receive a FAPE and related services from DOE.

124. At all relevant times herein, Plaintiffs ANDREA PHILLIPS, PAUL HINTON, and S.H. resided in the City of New York.

125. Since S.H. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide S.H. with an IEP for every school year.

126. On July 6, 2021, the Parent initiated a due process complaint in Case No. 210832 to seek funding for S.H.'s placement at iBRAIN, including special transportation services, for the

2021-2022 SY, at which time the Parent should have had funding through pendency as a matter of law.

127. Based upon the FOFD in IHO Case # 196364 ("Hinton FOFD") established iBRAIN as the basis for pendency for 2021-2022 SY.  See **EXHIBIT 11**, FOFD (IHO No. 196364).

128. To date, DOE has failed and refused to fund tuition and related services, including special transportation, for S.H.'s pendency placement at iBRAIN for the 2021-2022 SY.

## ROSA ZAYAS and EDWIN ZAYAS, Parents and Natural Guardians of R.Z.

129. ROSA ZAYAS and EDWIN ZAYAS are the Parents and Natural Guardians of R.Z.

130. R.Z. is a young man who has an acquired brain injury or brain-based disorder. This condition has left him with a serious disability.

131. R.Z. was seventeen (17) years old at the start of the 2021-2022 extended school year.

132. R.Z. is a minor.

133. R.Z. is a child with a disability, as defined by 20 U.S.C. § 1401(3).

134. R.Z. is entitled to receive a FAPE and related services from DOE.

135. At all relevant times herein, Plaintiffs ROSA ZAYAS, EDWIN ZAYAS, and L.S. resided in the City of New York.

136. Since R.Z. is a student with a disability, Defendant DOE is obligated to provide him with a FAPE under the IDEA and the New York Education Law. Accordingly, DOE must provide R.Z. with an IEP for every school year.

137. On July 6, 2021, the Parent initiated a due process complaint in Case No. 219068 to seek funding for R.Z.'s placement at iBRAIN, including nursing and special transportation services, for the 2021-2022 SY, at which time the Parent should have had funding through pendency as a matter of law.

138. Based upon the FOFD in IHO Case # 193506 ("Zayas FOFD") established iBRAIN as the basis for pendency for 2021-2022 SY.  See **Exhibit 12**, FOFD (IHO No. 193506).

139. To date, DOE has failed and refused to fund tuition and related services, including nursing and special transportation, for R.Z.'s pendency placement at iBRAIN for the 2021-2022 SY.

## CAUSE OF ACTION

140. DOE's failure to fund the Students' placements at iBRAIN has deprived the Plaintiffs and the Students of their right to pendency under the "stay put" provision of the IDEA (20 U.S.C. § 1415(j)), and the regulations promulgated thereunder, and § 4404(4)(a) of the New York Education Law, and the regulations promulgated thereunder.

## RELIEF

141. WHEREFORE, Plaintiffs respectfully request that this Court:

    a. Plaintiffs respectfully request that the Court issue an injunctive order requiring DOE to immediately fund each Student's tuition and related services, including special transportation, as each student is entitled to an automatic preliminary injunction for pendency as a matter of law;

    b. Enter a Judgment:

        i. Awarding Plaintiffs' damages due to the DOE's failure or delay in providing such funds;

        ii. Declaring that DOE violated Plaintiffs' rights as set forth herein;

        iii. Awarding Plaintiffs' reasonable attorneys' fees and costs; and

        iv. Granting such other and further relief as this Court deems equitable, just, and proper.

Dated: March 4, 2022

                                              Respectfully Submitted:

<u>/s: Ashleigh C. Rousseau/</u>
**ASHLEIGH C. ROUSSEAU, ESQ.** [5801923]
*BRAIN INJURY RIGHTS GROUP, LTD.*
*Attorneys for Plaintiffs*
300 E. 95th Street, Suite 130
New York, NY 10128
(646) 850-5035

## EXHIBIT LIST

| EXHIBIT | DESCRIPTION | DATED | STUDENT |
|---|---|---|---|
| 1 | IHO Wahrman's Interim Order on Pendency (210869) | August 13, 2021 | R.P. |
| 2 | IHO Weiss' Order on Pendency (210883) | October 12, 2021 | M.B. |
| 3 | IHO Farago's Order on Pendency (210926) | September 12, 2021 | A.C. |
| 4 | IHO Regenbogen Pendency Order (210826) | August 20, 2021 | O.F. |
| 5 | IHO Finkelstein's Pendency Order (210880) | August 18, 2021 | A.N. |
| 6 | IHO Tennet's Order on Pendency (209151) | August 23, 2021 | C.P. |
| 7 | IHO Almeleh's Interim Order on Pendency (210888) | November 26, 2021 | L.S. |
| 8 | IHO Polk's Pendency Order (210993) | August 24, 2021 | K.T. |
| 9 | IHO Farago's Order of Pendency on Consent (210742) | November 22, 2021 | A.D. |
| 10 | IHO Farago's FOFD (185252) | July 15, 2021 | M.G. |
| 11 | IHO Margolis' FOFD (196364) | March 8, 2021 | S.H. |
| 12 | IHO Ciccone's Order of Consolidation and Pendency Order (193506) | November 9, 2021 | R.Z. |